1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

8  | THOMAS M. COLT,                                   CV F   06 679 AWI SMS P

9  |                Plaintiff,              FINDINGS AND RECOMMENDATIONS
   |                                                        REGARDING TEMPORARY RESTRAINING
10 |     v.                                   ORDER (Doc.3.)

11

12 | MENDOZA, et. al.,

   |             Defendants.
13 | _____/

14

        Thomas M. Colt  ("Plaintiff") is a state prisoner proceeding pro se in this civil rights

15 action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the instant action on June 2, 2006.[1]

16 Plaintiff also submitted a Motion for Temporary Restraining Order.

17      "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be

18 granted unless the movant, by a clear showing, carries the burden of persuasion."  Mazurek v.

19 Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted).  The purpose of a

20 preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the

21 moving party that justice requires the court to intervene to secure the positions until the merits of

22 the action are ultimately determined.  University of Texas v. Camenisch, 451 U.S. 390, 395

23 (1981).  A preliminary injunction is available to a plaintiff who "demonstrates either (1) a

24 combination of probable success and the possibility of irreparable harm, or (2) that serious

25 questions are raised and the balance of hardship tips in its favor."  Arcamuzi v. Continental Air

26 Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987).  Under either approach the plaintiff "must

27

28
        [1]An Amended Complaint was submitted on October 16, 2006.

1  demonstrate a significant threat of irreparable injury." Id.  Also, an injunction should not issue if

2  the plaintiff "shows no chance of success on the merits." Id.  At a bare minimum, the plaintiff

3  "must demonstrate a fair chance of success of the merits, or questions serious enough to require

4  litigation." Id.

5      A federal court is a court of limited jurisdiction.  Because of this limited jurisdiction, as a

6  threshold and preliminary matter the court must have before it for consideration a "case" or

7  "controversy." Flast v. Cohen, 392 U.S. 83, 88 (1968).  If the court does not have a "case" or

8  "controversy" before it, it has no power to hear the matter in question.  Rivera v. Freeman, 469 F.

9  2d 1159, 1162-63 (9th Cir. 1972).

10     The Court is required to screen the complaints to ensure that it states a cognizable claim

11  for relief.  As the Court has yet to screen Plaintiff's case, it has not determined that the action

12  states cognizable claims for relief.  Thus, Plaintiff is not entitled to any type of preliminary

13  injunction, as the Court lacks jurisdiction to issue any such orders.

14     Based on the foregoing, the court HEREBY RECOMMENDS that Plaintiff's Motion for

15  Temporary Restraining Order, filed June 2, 2006, be DENIED.

16     These Findings and Recommendations will be submitted to the United States District

17  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

18  **TWENTY (20) days** after being served with these Findings and Recommendations, Plaintiff

19  may file written objections with the court.  The document should be captioned "Objections to

20  Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

21  objections within the specified time may waive the right to appeal the District Court's order.

22  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

23

24

25  IT IS SO ORDERED.

26  **Dated:   January 10, 2007**              **/s/ Sandra M. Snyder**
    icido3                          UNITED STATES MAGISTRATE JUDGE

27

28