# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS M. COLT, | CASE NO. 1:06-cv-00679-AWI-SMS PC |
| Plaintiff, | FINDING AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO EXHAUST |
| v. | |
| K. MENDOZA-POWERS, et al. | (Doc. 10) |
| Defendant. | OBJECTION DUE WITHIN THIRTY DAYS |

Thomas M. Colt ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his original complaint on June 2, 2002. Plaintiff filed his first amended complaint on October 16, 2006. On page two of the form complaint, Plaintiff alleges that there is a grievance procedure available at his institution, but that he has not exhausted his administrative remedies because other similarly situated prisoners at Avenal State Prison have exhausted their administrative remedies regarding the facts and claims raised in Plaintiff's first amended complaint. (Doc. 1, Comp., § II.)

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process,

1  Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement
2  applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct.
3  983 (2002).

4      The Court takes judicial notice of the fact that the California Department of Corrections
5  and Rehabilitation has an administrative grievance system for prisoner complaints.  Cal. Code
6  Regs., tit. 15 § 3084.1 (2008).  The process is initiated by submitting a CDC Form 602.  Id. at §
7  3084.2(a).  Four levels of appeal are involved, including the informal level, first formal level,
8  second formal level, and third formal level, also known as the "Director's Level."  Id. at §
9  3084.5.  Appeals must be submitted within fifteen working days of the event being appealed, and
10 the process is initiated by submission of the appeal to the informal level, or in some
11 circumstances, the first formal level.  Id. at §§ 3084.5, 3084.6(c).

12     In order to satisfy section 1997e(a), California state prisoners are required to use the
13 available process to exhaust their claims prior to filing suit.  Woodford v. Ngo, 548 U.S. 81, 126
14 S.Ct. 2378, 2383 (2006); McKinney, 311 F.3d at 1199-1201.  "[E]xhaustion is mandatory under
15 the PLRA and . . . unexhausted claims cannot be brought in court."  Jones, 127 S.Ct. at 918-19
16 (citing Porter, 435 U.S. at 524).  "All 'available' remedies must now be exhausted; those
17 remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'"
18 Porter, 534 U.S. at 524 (quoting Booth, 532 U.S. at 739 n.5).  Because there is an appeals process
19 for prisoners to utilize and because it is clear from the face of Plaintiff's complaint that he did not
20 initiate and complete the process prior to filing suit, this action must be dismissed.  42 U.S.C. §
21 1997e(a); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to
22 nonexhaustion is a valid grounds for dismissal . . . .").

23     Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, without
24 prejudice, based on Plaintiff's failure to comply with 42 U.S.C. § 1997e(a) by exhausting his
25 claims prior to filing suit.

26     This Finding and Recommendation will be submitted to the United States District Judge
27 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**
28 **days** after being served with this Finding and Recommendation, Plaintiff may file written

objections with the Court.  The document should be captioned "Objection to Magistrate Judge's Finding and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   August 21, 2008**                             /s/ Sandra M. Snyder
                                                                    UNITED STATES MAGISTRATE JUDGE